UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**BOSTON RED SOX BASEBALL CLUB LIMITED PARTNERSHIP**, **NEW ENGLAND SPORTS NETWORK LIMITED PARTNERSHIP**, and **FENWAY SPORTS GROUP HOLDINGS, LLC**,
Defendants.

**COMPLAINT**

(Jury Trial Demanded)

Plaintiff Justin Goldman ("Plaintiff" or "Goldman"), proceeding pro se, for his Complaint against Defendants Boston Red Sox Baseball Club Limited Partnership ("Red Sox"), New England Sports Network Limited Partnership ("NESN"), and Fenway Sports Group Holdings, LLC ("FSG") (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for **copyright infringement** under the Copyright Act, 17 U.S.C. §§ 101 et seq., and for **breach of contract** arising from Defendants' continued and unauthorized exploitation of Plaintiff's copyrighted photograph of Tom Brady (the "Brady Photograph"), including promotional social-media use by an official Red Sox account years after a narrowly tailored 2018 settlement that resolved only a single, identified website article published by NESN prior to July 2018.
2. Defendants have attempted to mischaracterize that 2018 settlement as a global, perpetual release and license. It is not. The agreement expressly limits the claims resolved to a specific NESN website article identified by exhibit and to uses occurring **prior to the effective date** of the agreement. It grants **no license**, perpetual or otherwise, and does not authorize later social-media promotion by an official Red Sox account.
3. Despite notice, Defendants failed to cease and remedy their post-settlement exploitation and instead escalated by asserting that Plaintiff's claims were "frivolous." They are not. Defendants' conduct is willful and actionable.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Copyright Act.
5. This Court has supplemental jurisdiction over the breach-of-contract claim pursuant to 28 U.S.C. § 1367.
6. Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1400(a) because Defendants transact business in this District, committed acts of infringement within this District, and the copyrighted work was exploited and displayed to users located in this District.

**PARTIES**

7. Plaintiff **Justin Goldman** is a professional photographer and the sole and exclusive owner of all right, title, and interest in and to the Brady Photograph.
8. Defendant **Boston Red Sox Baseball Club Limited Partnership** owns, operates, and controls official Red Sox-branded marketing channels, including verified social-media accounts used for promotion and brand engagement.
9. Defendant **New England Sports Network Limited Partnership** is a media entity affiliated with the Red Sox that operates the NESN website and related media platforms.
10. Defendant **Fenway Sports Group Holdings, LLC** ("FSG") is the parent and controlling entity of the Red Sox and NESN, exercises ownership and operational control over their business affairs, branding, marketing, and intellectual-property practices, and benefited from and had the right and ability to control the infringing conduct alleged herein.
11. Plaintiff **Justin Goldman** is a professional photographer and the sole and exclusive owner of all right, title, and interest in and to the Brady Photograph.
12. Defendant **Boston Red Sox Baseball Club Limited Partnership** owns, operates, and controls official Red Sox-branded marketing channels, including verified social-media accounts used for promotion and brand engagement.
13. Defendant **New England Sports Network Limited Partnership** is a media entity affiliated with the Red Sox that operates the NESN website and related media platforms.

**FACTUAL ALLEGATIONS**

**Key Allegations to Survive Rule 12(b)(6):** Defendants exercised ownership, control, and direction over the infringing social-media account; the use was commercial and promotional; the conduct occurred post-settlement and outside the narrow scope of the 2018 agreement; Plaintiff owns a valid registered copyright; Defendants acted at least willfully or with reckless disregard after notice.

**A. Plaintiff's Copyrighted Work**

10. Goldman is the author and sole copyright owner of the Brady Photograph, a well-known image depicting Tom Brady in a public setting.
11. The Brady Photograph is protected by U.S. copyright law. Plaintiff has registered the work with the United States Copyright Office.

**B. The 2017–2018 Dispute and Narrow Settlement**

12. In 2017, Plaintiff asserted claims against various media defendants, including NESN, relating to a **single NESN website article** that displayed or linked the Brady Photograph.
13. In July 2018, Plaintiff and Defendants entered into a **Settlement Agreement** resolving **only** those claims.
14. The Settlement Agreement expressly states that **"the only use of the Brady Photograph that is the subject of the Claims and this Agreement is as shown or linked in the article"** identified by exhibit, and that the release applies to claims **"from the beginning of time to and including the Effective Date."**
15. The Settlement Agreement contains **no grant of license**, **no perpetual rights**, and **no authorization** for future uses or separate exploitation, including social-media promotion by an official Red Sox account years later.

**C. Post-Settlement Infringement**

16. After the Effective Date of the 2018 Settlement Agreement, Defendants, acting through agents and employees and within the scope of their authority, caused the Brady Photograph to be publicly displayed on social media by an **official, verified Boston Red Sox mascot account** (the "Mascot Account").
17. The Mascot Account is **owned, operated, controlled, and supervised by the Red Sox** for brand promotion, fan engagement, advertising, sponsorship activation, and other revenue-generating and goodwill-enhancing purposes. Content published by the Mascot Account is created, approved, scheduled, and moderated pursuant to Red Sox marketing policies and brand guidelines.
18. At all relevant times, the Mascot Account functioned as a **commercial marketing channel**, not a personal account. Its posts are designed to promote Red Sox games, merchandise, sponsorships, broadcast partners, and related commercial interests, and to drive engagement that directly supports ticket sales, advertising value, sponsorship deliverables, and brand monetization.
19. Defendants exercised the **right and ability to control** the Mascot Account's content, including the authority to post, remove, edit, approve, and archive content, and to authorize or prohibit the use of third-party intellectual property.
20. The Mascot Account's display of the Brady Photograph occurred **years after** July 2018 and was **not** the NESN website article identified in Exhibit B to the Settlement Agreement. It was a separate, new act of exploitation on a different platform, for different purposes, and to a different audience.

21. The post-settlement display was **promotional and commercial**, not news reporting or commentary, and was intended to increase engagement, visibility, and economic value to Defendants.
22. Defendants did not obtain a license from Plaintiff for this post-settlement social-media use and did not possess any other authorization permitting such exploitation.
23. Plaintiff provided Defendants with notice of the unauthorized post-settlement use. Despite notice, Defendants failed to promptly cure and instead asserted that the matter was "closed," relying on an **overbroad and incorrect interpretation** of the 2018 Settlement Agreement.
24. Only after Plaintiff demanded production did Defendants provide the Settlement Agreement, which on its face confirms its **narrow scope** and lack of any perpetual or social-media license.
25. Defendants' post-settlement exploitation was undertaken **with knowledge** of Plaintiff's rights and, at minimum, with **reckless disregard** for those rights, rendering the infringement willful.
26. Years after the Effective Date of the Settlement Agreement, Defendants, through an **official, verified Red Sox mascot account**, publicly displayed and promoted the Brady Photograph on social media for brand engagement and marketing purposes.
27. This post-settlement social-media exploitation is **not** the NESN website article identified in the Settlement Agreement, did **not** occur prior to July 2018, and was **never licensed**.
28. The display was promotional, not incidental; it was published by an official Red Sox-controlled account, to a broad audience, and for Defendants' commercial benefit.
29. Plaintiff provided notice to Defendants. Rather than cure, Defendants asserted that the matter was "closed" and that Plaintiff's claims were "frivolous," relying on an **overbroad and incorrect interpretation** of the 2018 Settlement Agreement.
30. Only after Plaintiff demanded production did Defendants provide the Settlement Agreement, which on its face contradicts Defendants' characterization and confirms the limited scope of the release.
31. Defendants' continued refusal to remedy their post-settlement exploitation constitutes **willful infringement**.

### D. Breach of the Settlement Agreement

26. The Settlement Agreement resolved only the specific claims arising from a single NESN website article identified by exhibit and limited the release to conduct occurring **prior to the Effective Date**.
27. The Settlement Agreement contains **no grant of license**, express or implied, and no authorization for future or ongoing uses, including social-media promotion by Red Sox-controlled accounts.
28. By asserting that the Settlement Agreement barred post-2018 social-media exploitation and by engaging in and refusing to remedy such exploitation, Defendants **breached the Settlement Agreement** and the **implied covenant of good faith and fair dealing**, which required Defendants not to deprive Plaintiff of the benefit of the bargain or to mischaracterize the agreement's scope to avoid liability.
29. The Settlement Agreement required Defendants to resolve and confine their conduct to the specific, pre-Effective-Date NESN website use identified by exhibit.

30. By asserting a global bar unsupported by the agreement and by continuing post-settlement exploitation without authorization, Defendants breached the Settlement Agreement and its implied covenant of good faith and fair dealing.

## CLAIMS FOR RELIEF

**Agency, Vicarious, and Contributory Liability Allegations:** Defendants are liable directly and vicariously for the infringing acts of their agents and employees who created, approved, and published the infringing content within the scope of their employment and for Defendants' commercial benefit. Defendants also had knowledge of the infringement and materially contributed to it by providing the platform access, policies, approvals, and promotional objectives.

### COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

29. Plaintiff repeats and realleges the foregoing.
30. Plaintiff owns a valid copyright in the Brady Photograph, which is registered with the United States Copyright Office.
31. Defendants violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, publicly displaying, and distributing the Brady Photograph on social media without authorization.
32. Defendants are directly liable and vicariously liable because the infringement was committed by Defendants' agents within the scope of their authority and for Defendants' commercial benefit, and because Defendants had the right and ability to supervise and control the infringing conduct.
33. Defendants' infringement was willful or, at minimum, reckless, entitling Plaintiff to statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504–505.
34. Plaintiff repeats and realleges the foregoing.
35. Defendants infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, displaying, and distributing the Brady Photograph without authorization.
36. The infringement was willful, entitling Plaintiff to statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504–505.

### COUNT II – BREACH OF CONTRACT

34. Plaintiff repeats and realleges the foregoing.
35. A valid and enforceable Settlement Agreement exists.
36. Defendants breached the Settlement Agreement by exceeding its express limits, mischaracterizing its scope to bar post-settlement conduct, and engaging in unauthorized post-Effective-Date exploitation of the Brady Photograph.
37. Plaintiff suffered damages as a result, including loss of licensing value and enforcement costs.
38. Plaintiff repeats and realleges the foregoing.
39. A valid and enforceable Settlement Agreement exists.

40. Defendants breached the agreement by exceeding its narrow scope, mischaracterizing its terms, and exploiting the Brady Photograph post-Effective Date without authorization.
41. Plaintiff suffered damages as a result.

**COUNT III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

31. Defendants' conduct deprived Plaintiff of the benefit of his bargain and violated the implied covenant inherent in the Settlement Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff on all claims;

B. Award statutory damages for willful infringement under 17 U.S.C. § 504(c);

C. Award actual damages and Defendants' profits, or statutory damages, at Plaintiff's election;

D. Award attorneys' fees and costs under 17 U.S.C. § 505;

E. Award damages for breach of contract and breach of the implied covenant of good faith and fair dealing;

F. Grant injunctive relief prohibiting further unauthorized use by Defendants and their agents;

G. Award pre- and post-judgment interest; and

H. Grant such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff on all claims;

B. Award statutory damages for willful infringement under 17 U.S.C. § 504(c);

C. Award actual damages and Defendants' profits, or statutory damages, at Plaintiff's election;

D. Award attorneys' fees and costs under 17 U.S.C. § 505;

E. Award damages for breach of contract;

F. Grant injunctive relief prohibiting further unauthorized use;

G. Award pre- and post-judgment interest; and

H. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 28, 2026

Respectfully submitted,

**Justin Goldman**
Plaintiff, Pro Se